UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONNA HUTCHINSON,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 24-cv-06267-TSH<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT & RECOMMENDATION** |

## I.   INTRODUCTION

Plaintiff Leonna Hutchinson initiated this lawsuit by filing a complaint (ECF No. 1) and application to proceed in forma pauperis (ECF No. 2). For the reasons stated below, the Court **GRANTS** the application but finds the complaint fails to state a claim on which relief may be granted under 28 U.S.C. § 1915(e). As not all parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), the Court requests this case be reassigned to a district judge for disposition. The undersigned **RECOMMENDS** the complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

## II.   BACKGROUND

Plaintiff brings this case against the San Francisco Police Department and San Francisco Fire Department. She alleges they installed cameras in all areas of her home, includ[ing] but not limited to my shower, kitchen, closets and main bedroom," that she has been "captured on film showering and being raped in the confines and assumed privacy of my own home," and that these films have been "recorded as porn and posted online to Pornhub and Pornhub Live." Compl. at 3-5, ECF No. 1. Plaintiff also alleges "my dreams are being recorded as porn and posted online to

1   Pornhub and Pornhub Live" and "[m]y spiritual transformation has been filmed and posted on
2   YouTube." *Id.* at 4.  She alleges these videos have generated $150 million. *Id.* at 8.  She also
3   alleges she has "been impregnated and my children murdered in spiritual warfare," *id.* at 5, and
4   that "SFPD officers used magic and sorcery" to carry out the scheme. *Id*. at 8.  Plaintiff demands
5   the Court order the police and fire departments to pay her $5,000,000,000 and that all copies of the
6   videos be destroyed. *Id.* at 9.

### III.  IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1).  Plaintiff submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that her assets and income are insufficient to enable payment of the fees.  Accordingly, the Court **GRANTS** Plaintiff's application.

### IV.  SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

#### A.  Legal Standard

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).  As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted).  The Court must also "construe a pro

1  se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned

2  up).  However, the Court "may not supply essential elements of the claim that were not initially

3  pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

4        A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the

5  complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

6  to relief." Fed. R. Civ. P. 8(a)(2).  The failure to comply with Rule 8 is a basis for dismissal that is

7  not dependent on whether the complaint is without merit.  *McHenry v. Renne*, 84 F.3d 1172, 1179

8  (9th Cir. 1996).  Accordingly, even claims which are not on their face subject to dismissal under

9  Rule 12(b)(6) may still be dismissed for violating Rule 8(a).  *Id.*

10  **B.  Application**

11        The Court finds Plaintiff's allegations are frivolous.  "'A complaint . . . is frivolous where

12  it lacks an arguable basis either in law or in fact.'"  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)

13  (quoting *Neitzke*, 490 U.S. at 325).  The definition of frivolousness "embraces not only the

14  arguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

15  When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. §

16  1915(e)(2)(B)(i), the court has " 'the unusual power to pierce the veil of the complaint's factual

17  allegations,'" meaning it "is not bound, as it usually is when making a determination based solely

18  on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504

19  U.S. at 32 (quoting *Neitzke*, 490 U.S. at 327).  Frivolous claims include "'claims describing

20  fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'"

21  *Id.* (quoting *Neitzke*, 490 U.S. at 328).  "An in forma pauperis complaint may not be dismissed . . .

22  simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33.  But "a finding of

23  factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

24  wholly incredible, whether or not there are judicially noticeable facts available to contradict

25  them." *Id.*  As the Ninth Circuit has explained, frivolous litigation "is not limited to cases in

26  which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim

27  may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally

28  false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

1  Here, Plaintiff's allegations that the San Francisco Police and Fire Departments installed
2  cameras in her home, filmed members of those departments raping her, filmed her dreams as porn,
3  sold the videos online for $150 million, and murdered her children in spiritual warfare "fall further
4  out on the spectrum past implausible and toward the delusional, and the undersigned finds that
5  they are frivolous." *Spitters v. Miceli*, 2018 WL 6816110, at *5 (N.D. Cal. Sept. 24, 2018), *report*
6  *and recommendation adopted*, 2018 WL 6822626 (N.D. Cal. Oct. 15, 2018) (dismissing as
7  frivolous complaint where plaintiff alleged, among other things that defendant was a super-spy
8  and an assassin who was using a fabricated identity to "get at" him).  The Court also notes this is
9  one in a series of a similar cases Plaintiff has recently filed, in which she alleges defendants,
10 including Elon Musk, Governor Gavin Newsom, and various members of the San Francisco Police
11 and Fire Departments have videotaped her being sexually abused and posted the footage on
12 various websites.  *See Hutchinson v. Musk,* 24-cv-04123-RFL; *Hutchinson v. Brunson*, 24-cv-
13 04124-AMO; *Hutchinson v. Williams*, 24-cv-06221-LB; *Hutchinson v. Williams*, 24-cv-06268-
14 SK.  Therefore, because Plaintiff's complaint is frivolous, the undersigned recommends it be
15 dismissed.

## V.   CONCLUSION

Based on the analysis above, the Court **GRANTS** the application to proceed in forma pauperis.  As not all parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a district judge, with the recommendation that the complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.  Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: September 9, 2024

THOMAS S. HIXSON
United States Magistrate Judge

4